UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

4720 SE 15TH AVENUE LLC., a Florida
limited liability company

        Plaintiff,

v.                                                  Case No.: 2:19-cv-278-FtM-38NPM

AFCO CREDIT CORPORATION,
PRIME RATE PREMIUM FINANCE
CORPORATION, INC. and
SCOTTSDALE INSURANCE
COMPANY,

        Defendants.
_____/

## **OPINION AND ORDER**[1]

        Before the Court is Defendant Scottsdale Insurance Company's Motion to Dismiss the Third Amended Complaint (Doc. 56), and Plaintiff 4720 SE 15th Avenue LLC's response in opposition (Doc. 58). For the below reasons, the Court denies the motion.

        This is an insurance dispute case. Plaintiff secured a property casualty insurance policy from Scottsdale in April 2017. (Doc. 51 at 3). Defendants Prime Rate Premium Finance Corporation, Inc. and AFCO Credit Corporation helped Plaintiff finance the policy. (*Id.* at 3-4). Matters soured when Hurricane Irma damaged Plaintiff's property in

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink stops working or directs the user to some other site does not affect the opinion of the Court.

September 2017.  (*Id.* at 4).  Plaintiff made an insurance claim.  But Scottsdale denied coverage because the policy ended months earlier when Plaintiff did not pay the premium. (*Id.*).

Plaintiff now sues Defendants for negligence and breach of contract.  After removal, a round of motions to dismiss, and another motion for leave to amend, the Third Amended Complaint is the operative pleading.  (Doc. 1; Doc. 36; Doc. 50; Doc. 51). Although AFCO and Prime Rate have answered the Third Amended Complaint, Scottsdale moves to dismiss it as a shotgun pleading and failing to state a plausible breach of contract claim (Doc. 56).

## LEGAL STANDARD

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations as true and view them in a light most favorable to the plaintiff.  See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  This preferential standard of review, however, does not permit all pleadings adorned with facts to survive to the next stage of litigation.  The Supreme Court has been clear on this point— a district court should dismiss a claim where a party fails to plead facts that make the claim facially plausible.  See *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  A claim is facially plausible when the court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct.  See *Iqbal*, 556 U.S. at 678.  This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).

Shotgun pleadings are also problematic under the Federal Rules of Civil Procedure. The unifying characteristic of shotgun pleadings is "they fail[ ] to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). Generally, "[c]ourts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (citations omitted).

## DISCUSSION

### A. Shotgun pleading

Scottsdale argues the Third Amended Complaint is an impermissible shotgun pleading because it re-incorporates factual allegations into subsequent counts and comingles several breach of contract allegations in Count V. (Doc. 56 at 1-4). The Court disagrees.

Plaintiff incorporates the first 27 allegations, which includes jurisdictional and general facts, into each claim. (Doc. 51 at 5-11). This pleading is acceptable. A plaintiff may incorporate general and jurisdictional allegations into each separate count without automatically transforming the complaint into an impermissible shotgun pleading. *See Clark v. Sch. Bd. of Collier Cty., Fla.*, No. 2:13-cv-820-FtM-29MRM, 2016 WL 1617920, at *3 (M.D. Fla. Apr. 22, 2016) (finding no shotgun pleading where the plaintiff incorporated jurisdictional and general allegations in each claim); *Gibbs v. MLK Express Services, LLC*, No. 2:18-cv-434-FtM-38MRM, 2019 WL 480508, at *2 (M.D. Fla. Feb. 7, 2019) (finding an amended complaint was not an shotgun pleading where plaintiff merely incorporated the factual allegations into each claim); *Am. Coastal Ins. Co. v. Electrolux*

*Home Products, Inc.*, No. 2:19-cv-180-FtM-99MRM, 2019 WL 2411195, at *1 (M.D. Fla. June 7, 2019) (finding a plaintiff may incorporate the general allegations section into each count of a complaint without it becoming a shotgun pleading). The Third Amendment Complaint does not incorporate the substance of each preceding claim into the next claim. Nor does it fall into any shotgun pleading category.[2] *See Weiland*, 792 F.3d at 1320.

Scottsdale similarly argues the Third Amended Complaint violates Fed. R. Civ. P. 10(b) because it lumps several breach of contract theories against Scottsdale into one count. Rule 10(b) requires that

> [a] party must state its claim or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded upon a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b). Although Plaintiff alleges different theories on how Scottsdale breached the insurance contract, Rule 10(b) does not require separating each theory. *See F.D.I.C. v. Lennar Corp.*, No. 12-CV-595-FtM-38, 2014 WL 201670, at *6 (M.D. Fla. Jan. 17, 2014) ("A party may include in a single count all theories of recovery so long as those theories are all premised on the same facts."). Plaintiff's breach of contract theories are premised on the same set of facts and circumstances: Scottsdale's failure to pay the insurance claim after it improperly cancelled the policy. The Third Amended Complaint puts Scottsdale on notice of the allegations against it. The pleading does not make it

---

[2] To the extent that Scottsdale argues two allegations are immaterial to Counts V and VI against it, the Court disagrees. At most, the allegations are surplusage and do not render the claims to be deficient. *Clark*, 2016 WL 1617920, at *3 n.1. (Doc. 56 at 2-3). Plaintiff has adequately notified Scottsdale of the claims against it.

"virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Weiland*, 792 F.3d at 1325 (citation omitted). The Court thus denies Scottsdale's motion on the ground it is a shotgun pleading.

**B. Plausible Claim for Breach of Contract (Count V)**

As a diversity action, the Court applies Florida substantive law to the breach of contract claim. See *LaFarge Corp. v. Travelers Indem. Co.*, 118 F.3d 1511, 1515 (11th Cir. 1997). Florida law has three elements for breach of contract: "(1) the existence of a contract; (2) a breach of the contract; and (3) damages resulting from the breach." *Rollins, Inc. v. Butland*, 951 So. 2d 860, 876 (Fla. 2d DCA 2006) (citation omitted). The claimant must also prove performance of its obligations under the contract. *See id.* (citations omitted).

Scottsdale starts that no contract existed when Hurricane Irma hit because Plaintiff did not pay the premium. (Doc. 56 at 4-5). From there, Scottsdale asserts it cannot breach an expired policy. Plaintiff responds, "Defendant's argument that the contract was not in effect at the time of the loss and thus, no breach occurred is not of merit. It is clearly alleged that the improper cancellation is a key component to one of the breaches of the contract alleged against Scottsdale." (Doc. 58 at 5). At this stage, the Court must take Plaintiff's factual allegations as true. Those allegations include it paid its monthly insurance premium in the months before Hurricane Irma. (Doc. 51 at 4). Plaintiff also alleges, "when the August 2017 payment to AFCO and PRIME rate was made via telephone the Plaintiff's Agent Lisa Sams was advised by AFCO's Agent that that policy was still in effect." (*Id.*) And Plaintiff says it never received a cancellation of the policy and that it paid to keep the policy current. (*Id.*) Based on these allegations, a contract

existed during the loss. See *Munger v. Infinity Ins. Co.*, No. 8:14-cv-914-T-33MAP, 2014 WL 2778733, *3-4 (M.D. Fla. June 18, 2014) (holding that the plaintiff pleaded the existence of a contract when he alleged the insurance policy existed when the defendant wrongfully cancelled it).

Plaintiff also plausibly alleges the other breach elements. It says Scottsdale breached the contract by (1) wrongfully cancelling the policy and failing to notify it of the cancellation; (2) improperly handling Plaintiff's funds and not ensuring the policy remained in effect; and (3) failing to provide benefits to Plaintiff under the policy. (Doc. 51 at ¶¶ 67-68). Plaintiff also asserts it performed its obligations and suffered damages because of Scottsdale's breach. (*Id.* at ¶¶ 70-71). The Third Amended Complaint survives dismissal.

Accordingly, it is now

**ORDERED:**

1. Defendant Scottsdale Insurance Company's Motion to Dismiss the Third Amended Verified Complaint (Doc. 56) is **DENIED**.

2. Scottsdale must file answer the Third Amended Complaint (Doc. 51) **on or before September 6, 2019**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 23rd day of August 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record